**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1377-19T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TALBERT D. HINTON a/k/a
YASIN R. BRYANT, TALBERT
HINTN, TAV HINTON,
HINTON D. TALBERT,
BRYANT YASIN,

     Defendant-Appellant.

_____

Submitted January 13, 2021 – Decided January 29, 2021

Before Judges Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-01-0098.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the briefs).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Carey J. Huff, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Talbert Hinton of second-degree sexual assault and endangering the welfare of a five-year-old girl, who lived in his girlfriend's neighborhood. The trial judge sentenced defendant to an aggregate prison term of eighteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We incorporate by reference the facts and procedural history set forth in our prior opinion, affirming defendant's convictions and sentence on direct appeal. State v. Hinton, No. A-5529-14 (App. Div.) (slip op. 2-6), certif. denied, 232 N.J. 373 (2017).

Thereafter, defendant filed a pro se petition for post-conviction relief (PCR), alleging trial counsel "did not represent him the right way," argued with defendant, and failed to communicate with him. PCR counsel filed a brief on defendant's behalf, explaining defendant claimed trial counsel was ineffective by failing to: (1) conduct "any independent investigation"; and (2) "make sufficient time to meet with him and discuss trial strategy." But defendant did not provide any sworn statements or other proof detailing those assertions.

A-1377-19T1

Following argument, Judge Dennis R. O'Brien rendered a cogent oral decision from the bench, denying PCR. The judge's decision, which spanned thirteen transcript pages, squarely addressed the issues raised in view of the governing legal principles. The judge memorialized his decision in a September 30, 2019 order.

Defendant now appeals, reprising the arguments raised before the PCR judge. He raises the following points for our consideration:

POINT I

[]DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR[A]. 10 OF THE NEW JERSEY CONSTITUTION.

POINT II

[]DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT III

[]DEFENDANT IS ENTITLED TO DE NOVO REVIEW, AND NO DEFERENCE SHOULD BE GIVEN TO THE ERRONEOUS CONCLUSION BELOW.

In essence, defendant maintains trial counsel "failed to provide him with a complete defense against the child sex abuse charges" for which he was

3

convicted. Defendant claims his pretrial applications, including his pro se motion for another assigned counsel, were "clear implication[s]" that trial counsel was ineffective.

We have carefully considered defendant's arguments, in light of the applicable law, and conclude the substantive claims asserted in points I and II lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge O'Brien in his well-reasoned oral decision. We add only the following brief remarks.

Where, as here, the judge has not held a hearing, we agree with defendant's contention in point III that our review generally is de novo. State v. Harris, 181 N.J. 391, 420-21 (2004). Nonetheless, "the factual findings underpinning the legal conclusions are reviewed for clear error." Ibid. (internal quotation marks omitted). And we review a judge's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard. State v. Preciose, 129 N.J. 451, 462 (1992); State v. L.G.-M, 462 N.J. Super. 357, 365 (App. Div.), certif. denied, 241 N.J. 514 (2020).

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting Preciose, 129 N.J. at 462),

meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test).

In sum, the record support's the PCR judge's conclusion that defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits, and failed to satisfy either prong of the Strickland/Fritz test. As Judge O'Brien astutely recognized, defendant did "not assert how counsel could have better investigated his case" where, as here, "the record shows defendant did have an investigator working on his case." In that regard, the judge noted defendant did not specify "which persons should have been called to favorably testify for him or what they would have testified to if called."

While the PCR judge found the record was devoid of any information to support defendant's claim that trial counsel failed to conduct an investigation, the judge conversely found the record disproved defendant's claim that trial counsel failed to communicate with him. The judge elaborated: "Defendant and

trial counsel discussed his pro se motions to dismiss counsel and a subsequent decision to keep counsel, to the cases which he pled and extensively about his right to testify at trial. Defendant further confirmed that they spoke about his right to appeal."

Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION